**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**MICHAEL BRIGGS,**

                              **Petitioner,**

    vs.                                                         **9:24-cv-00998**
                                                                         **(MAD/MJK)**

**JULIE WOLCOTT,**
*Superintendent of Attica*
*Correctional Facility*,

                               **Respondent.**

---

**APPEARANCES:**                                        **OF COUNSEL:**

**MICHAEL BRIGGS**
14-A-3879
Attica Correctional Facility
Box 149
Attica, New York 14011
Petitioner *pro se*

**OFFICE OF THE NEW YORK**        **MARGARET A. CIEPRISZ, ESQ.**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       On July 26, 2024, *pro se* Petitioner Michael Briggs filed a petition for writ of habeas corpus in the U.S. District Court for the Southern District of New York. Dkt. No. 1. The action was transferred to this district several weeks later, Dkt. Nos. 3, 4, and was administratively closed on August 15, 2024, due to Petitioner's improper commencement of the action, Dkt. No. 5. After

1

Petitioner timely responded, the case was reopened on September 3, 2024. Dkt. No. 8. On October 8, 2024, this Court directed Petitioner to file a written affirmation explaining why his petition should not be dismissed for untimeliness. Dkt. No. 12. Petitioner filed an affirmation on October 31, 2024. Dkt. No. 13. Subsequently, Magistrate Judge Mitchell Katz instructed Respondent to file a limited answer to the petition addressing the issue of timeliness. Dkt. No. 18. Respondent filed her limited answer on February 12, 2025. Dkt. Nos. 21-23.

Thereafter, on August 12, 2025, Magistrate Judge Katz issued a Report-Recommendation and Order that recommended dismissal of the petition as time-barred. Dkt. No. 28. Magistrate Judge Katz also recommended that no Certificate of Appealability be issued. *Id.* Petitioner filed an objection on August 25, 2025. Dkt. No. 29. Respondent then filed a letter motion on September 4, 2025, asking this Court to reject Petitioner's objection. Dkt. No. 30.

On September 17, 2025, while the Report-Recommendation and Order was pending before this Court, Petitioner filed a notice of interlocutory appeal to the U.S. Court of Appeals for the Second Circuit. Dkt. No. 31. The Second Circuit found the matter non-appealable, but nevertheless invited Petitioner to either explain the purported basis for appellate jurisdiction or withdraw the appeal.[1] Dkt. No. 33.

---

[1] Although an interlocutory appeal would normally deprive this Court of jurisdiction over the matters on appeal, there is an exception to this rule where the interlocutory appeal is clearly frivolous as a matter of law. *See Davis v. City of New York*, No. 12-CV-3297, 2018 WL 10070503, *1 (S.D.N.Y. Dec. 14, 2018) ("The Supreme Court has approved the 'dual jurisdiction' approach as an appropriate method to deal with frivolous interlocutory appeals") (citing *Behrens v. Pelletier*, 516 U.S. 299, 310 (1996)). The federal courts of appeals have jurisdiction over "final decisions of the district courts . . . ." 28 U.S.C. § 1291. However, "[t]he requirement of finality precludes [appellate] consideration of decisions that are subject to revision . . . ." *Behrens*, 516 U.S. at 305 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Because a magistrate judge's report-recommendation and order is subject to modification before the district judge adopts it, the Report-Recommendation and Order in this case is not a final judgment and cannot be the subject of an interlocutory appeal. Accordingly, this Court retains jurisdiction.

## II. BACKGROUND

As summarized by Magistrate Judge Katz, the habeas corpus petition concerns Petitioner's criminal conviction of second-degree murder and attempted second-degree burglary, to which he pled guilty. Dkt. No. 28 at 2-3 (quoting *People v. Briggs*, 138 A.D.3d 1355, 1355 (3d Dep't 2016)); Dkt. No. 1 at 1. Specifically, Petitioner argues that: (1) "the Schenectady County Court lacked jurisdiction over him" with respect to those criminal charges; (2) his "speedy trial rights were violated"; (3) his "plea in Schenectady County Court . . . was not knowing or voluntary"; and (4) there was insufficient evidentiary support for his conviction. Dkt. No. 28 at 4; Dkt. No. 1 at 5-8, 10. Petitioner challenged the conviction in state court, and after the Appellate Division affirmed his conviction, he unsuccessfully sought leave to appeal to the New York Court of Appeals. *See* Dkt. No. 28 at 3 (citing *Briggs*, 138 A.D.3d at 1355-57; *People v. Briggs*, 28 N.Y.3d 927 (2016)). Petitioner tried to petition the U.S. Supreme Court for certiorari on or about April 18, 2024 (nearly eight years after the Court of Appeals denied leave to appeal), but there is no evidence that the Supreme Court received his application or issued a decision. Dkt. No. 28 at 3; Dkt. No. 1 at 12, 33-42.

Also relevant is a November 2023 motion that Petitioner filed under New York State Criminal Procedure Law § 440.10 to vacate his conviction ("440 motion"). Dkt. No. 28 at 4; Dkt. No. 22-1 at 105-06. The Schenectady County Court denied that motion on January 30, 2024, and both the Appellate Division and the Court of Appeals denied Petitioner's attempts to appeal. Dkt. No. 1 at 28, 31-32; Dkt. No. 13 at 15.

In the Report-Recommendation and Order, Magistrate Judge Katz determined that the habeas corpus petition was untimely because Petitioner filed it "over six and a half years too late." Dkt. No. 28 at 6. Likewise, Magistrate Judge Katz found that no statutory or equitable tolling

provision applied, nor did an equitable exception apply to the one-year statute of limitations for habeas corpus petitions. *Id.* at 7-12. Petitioner filed a short, handwritten objection, and does not appear to raise any specific objections to the magistrate judge's findings.[2] Dkt. No. 29. Respondent filed a letter asking this Court to reject the objection and use a "clear error" standard of review. Dkt. No. 30.

### III. DISCUSSION

**A.    Standard of Review**

When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," in response to a magistrate judge's report-recommendation and order, the Court reviews the recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). Further, "where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations omitted). In contrast, when a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or

---

[2] The objection is one sentence long and reads as follows: "Pursuant to 28 U.S.C. 636(b)(1) for foregoing reason Petitioner object to the Court's final recommendation and order dissmissing [sic] Petitioner's petition of federal habeas corpus as time barred were petitioner present due process of federal law issues so prejudice to Petitioner the only augment and answer Respondent has raised to the petition, affirmation, alongside supporting documents is statutory, equitable tolling guidelines of the petition under 28 U.S.C. 2244." Dkt. No 29. The Court acknowledges that documents filed by *pro se* litigants are subject to a more liberal construction than those filed by attorneys, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but even under that standard, the Court cannot discern any specific objections that would warrant *de novo* review. Accordingly, the Court evaluates the Report-Recommendation and Order using clear error review.

4

recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  Regardless of which standard of review applies, courts must construe *pro se* habeas corpus petitions "liberally" and "in [the petitioner's] favor" to the extent possible.  *United States ex rel. Buford v. Henderson*, 524 F.2d 147, 152 (1975) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

**B.     Timeliness**

As a matter of law, and as Magistrate Judge Katz correctly stated, a habeas corpus petition is subject to a one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *Holland v. Florida*, 560 U.S. 631, 634 (2010); 28 U.S.C. § 2244(d).  That one-year period starts running on "the date on which the conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review."  *McKinney v. Miller*, No. 9:24-CV-0976, 2024 WL 4120420, *2 (N.D.N.Y. Sept. 9, 2024) (citing 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 148-50, 148 n.9 (2012)).  "Specifically, that is when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case."  *Id.* (citing *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009)).

Petitioner's request for certiorari apparently never reached the Supreme Court, and the New York Court of Appeals denied leave to appeal on August 2, 2016.  *Briggs*, 28 N.Y.3d 927.  Accordingly, as Magistrate Judge Katz indicated, Petitioner's conviction became final ninety days from that date, on October 31, 2016.  Dkt. No. 28 at 6.  Thus, he had one year from that date to

5

file his petition, unless a toll or exception to the statute of limitations applied. Because Petitioner filed his petition in 2024, a years-long toll would be necessary to make the petition timely.

C. **Statutory Tolling**

As Magistrate Judge Katz stated, a statutory toll on the one-year limitations period is available while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *McKinney*, 2024 WL 4120420, at *3 (citing 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548). The toll does not change the date on which the limitations period starts running. *Id.* (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Magistrate Judge Katz correctly determined that the statutory toll does not help Petitioner in this case. The 440 motion was filed in November 2023, which was well after the one-year period had expired. Dkt. No. 28 at 7. Thus, the Court sees no clear error with Magistrate Judge Katz's conclusion that statutory tolling does not apply.

D. **Equitable Tolling**

Even where statutory tolling is inapplicable, this Court has recognized that the limitations period on a habeas corpus petition can be equitably tolled "in 'rare and exceptional circumstances' . . . ." *Germain v. Racette*, No. 9:13-CV-1530, 2015 WL 7573225, *4 (N.D.N.Y. Nov. 25, 2015) (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)). To invoke equitable tolling, a "petitioner must establish that 'he has been pursuing his rights diligently and . . . that some extraordinary circumstances stood in his way.'" *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The "extraordinary circumstances" bar is a high standard for petitioners to meet. *See Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). The Second Circuit recognizes this

determination as a fact-specific one that examines "how severe an obstacle [the circumstances were] for the prisoner endeavoring to comply with AEDPA's limitations period." *Id.* (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

> Instances which justify equitable tolling include a corrections officer's intentional confiscation of a prisoner's petition shortly before the filing deadline, a state appellate court's failure to inform a prisoner that his leave to appeal was denied, and . . . an attorney's failure to file a habeas petition of behalf of a prisoner, despite explicit directions from the prisoner to do so.

*Id.* (internal citations omitted) (collecting cases). Attorney error normally does not meet this standard, but it may if the attorney acted "so outrageous[ly] or so incompetent[ly] as to render [the conduct] extraordinary." *Id.* (citing *Baldayaque v. United States*, 338 F.3d 145, 150-53 (2d Cir. 2003)). Additionally, even if extraordinary circumstances are established, the petitioner must show "a causal connection between the extraordinary circumstances and the late filing." *Germain*, 2015 WL 7573225, at *4 (citing *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

As summarized by Magistrate Judge Katz, Petitioner sets out three main reasons for his claimed extraordinary circumstances: (1) his appellate attorney's failure to "meet the proper procedural requirements for raising his claims"; (2) failure of the trial judge or his assigned counsel to properly advise him of his "options to seek additional relief in New York State or federal courts"; and (3) his "lack of legal acumen" as a non-lawyer. Dkt. No. 28 at 9; Dkt. No. 13 at 4, 10. However, the Court agrees with Magistrate Judge Katz that Petitioner has not sufficiently alleged that extraordinary circumstances caused his filing delay.

With regard to Petitioner's first proffered reason, Magistrate Judge Katz correctly pointed out that Petitioner never establishes that the appellate attorney also represented him in a habeas corpus action. Thus, there could be no egregious attorney conduct and no causation.

On the second reason, Magistrate Judge Katz stated that "[i]t is axiomatic that a court cannot provide a *pro se* litigant with legal advice about all the various avenues available to challenge a conviction or vindicate one's rights." Dkt. No. 28 at 10. Similarly, the New York Court of Appeals has determined that once a defendant chooses to proceed *pro se*, the state court's only obligation is "to insure that he [is] aware of the dangers and disadvantages of self-representation . . . ." *People v. Vivenzio*, 62 N.Y.2d 775, 776 (1984) (citing *Faretta v. California*, 422 U.S. 806, 835 (1975)). However, Petitioner states that he had counsel during the criminal proceeding in the trial court, and that his attorney failed to advise him properly. In that case, to constitute an extraordinary circumstance warranting an equitable toll, Petitioner would need to allege that his attorney acted outrageously and incompetently. *Dillon*, 642 F.3d at 363. But beyond simply claiming that his attorney did not advise him about further options for relief beyond the trial court level, Petitioner makes no allegations showing outrageous or incompetent attorney conduct. Thus, even with a liberal construction, the petition does not allege sufficient facts to satisfy the high bar of showing an extraordinary circumstance based on attorney misconduct.

On Petitioner's third proffered reason, Magistrate Judge Katz pointed out that this Court has previously rejected "extraordinary circumstances" arguments based on a petitioner's lack of legal education. Dkt. No. 28 at 10 (citing *Wright v. Superintendent*, No. 9:12-CV-01861, 2016 WL 8346523, *8 (N.D.N.Y. Dec. 16, 2016)). The Second Circuit shares this view. *See Smith*, 208 F.3d at 18 (citation omitted). Thus, the Court agrees with Magistrate Judge Katz's determination that Petitioner's *pro se* status does not support application of an equitable toll.

Overall, the Court finds no clear error with the magistrate judge's conclusion that equitable tolling is unavailable here.

**E.      Equitable Exception**

In addition to statutory and equitable tolling, an equitable exception is sometimes available to save an otherwise untimely petition for habeas corpus.  As stated by the Supreme Court, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."  *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  To succeed on an actual innocence claim, a petitioner "must establish that, 'in light of . . . new evidence, no juror acting reasonably[] would have voted to find him guilty beyond a reasonable doubt.'"  *Lebron v. Uhler*, No. 9:22-CV-10, 2023 WL 2500507, *2 (N.D.N.Y. Mar. 14, 2023) (quoting *McQuiggin*, 569 U.S. at 386).  An "actual innocence" claim cannot succeed if the petitioner does not identify any new evidence supporting his innocence.  *See id.*

Here, Petitioner does not identify any such evidence.  Rather, he challenges the probative value of evidence that was used to convict him, including DNA evidence and possible hearsay.  *See* Dkt. No. 1 at 3-4, 10.  Thus, he has not made an "actual innocence" showing that would allow the Court to apply an equitable exception.  The Court finds no clear error with Magistrate Judge Katz's analysis on this issue.

**F.      Certificate of Appealability**

Finally, Magistrate Judge Katz recommended that this Court not issue a Certificate of Appealability because Petitioner failed to make "a substantial showing of the denial of a constitutional right," as required by statute.  Dkt. No. 28 at 13; *see* 28 U.S.C. § 2253(c)(2); *Lebron*, 2023 WL 2500507, at *3.  As described, Petitioner has not met this burden.  Accordingly, the Court agrees with Magistrate Judge Katz's conclusion regarding the Certificate of Appealability and declines to issue one.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Report-Recommendation and Order (Dkt. No. 28) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 3, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge